UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

October 28, 2013

LETTER TO COUNSEL:

      RE:    *Steven A. Prince v. Commissioner, Social Security Administration*;
               Civil No. SAG-13-0814

Dear Counsel:

On March 18, 2013, the Plaintiff, Steven A. Prince, petitioned this Court to review the Social Security Administration's final decision to deny his claim for disability insurance benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 16, 18). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). Under that standard, I will deny both motions and remand the case to the Commissioner. This letter explains my rationale.

Mr. Prince filed his claim on April 13, 2010, alleging disability beginning on March 20, 2009. (Tr. 93-94). His claim was denied initially on August 3, 2010 and upon reconsideration on January 5, 2011. (Tr. 63-66, 70-71). A hearing was held on September 23, 2011 before an Administrative Law Judge ("ALJ"). (Tr. 36-60). Following the hearing, the ALJ determined that Mr. Prince was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 16-31). The Appeals Council denied Mr. Prince's request for review, (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Mr. Prince suffered from the severe impairments of hypertension, malignant melanoma, degenerative disc disease, status-post cervical laminectomy, carpal tunnel syndrome, coronary artery disease, diabetes, and obesity. (Tr. 21). Despite these impairments, the ALJ determined that Mr. Prince retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except he is further limited to occasionally climbing ramp and stairs, balancing, stooping, kneeling, crouching and crawling. He can never climb ladders, ropes or scaffolds. He must avoid concentrated exposure to extreme cold.

(Tr. 23). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Prince could perform his past relevant work as a printing production manager. (Tr. 26-27).

Mr. Prince presents three arguments on appeal. First, Mr. Prince argues that the ALJ failed to consider whether his vestibular dysfunction met or medically equaled the criteria of Listing 2.07. Second, he argues that the ALJ failed to evaluate his vertigo and hearing impairments at step two, or elsewhere, in the sequential analysis. Finally, Mr. Prince argues that the ALJ did not consider the effect his obesity had on his vestibular dysfunction and hearing condition. I find Mr. Prince's arguments regarding the ALJ's failure to evaluate his vestibular and hearing impairments persuasive. I begin my discussion there.

Mr. Prince argues that the ALJ should have found his vestibular and hearing impairments to be severe at step two of the sequential analysis, in part, because he "could well meet the criteria of the Listed Impairment at 2.07." Pl.'s Mot. 6. At step two of the sequential analysis, the ALJ must determine whether the claimant has a severe impairment. *See* 20 C.F.R. 404.1520(c). An impairment is considered "severe" if it significantly limits the claimant's ability to work. *See* 20 C.F.R. § 404.1521(a). The claimant bears the burden of proving that his impairment is severe. *Johnson v. Astrue,* Civil Action No. PWG–10–3139, 2012 WL 203397, at *2 (D. Md. Jan. 23, 2012) (citing *Pass v. Chater,* 65 F.3d 1200, 1203 (4th Cir. 1995)). If there is no evidence of a severe impairment, or combination of impairments, the claimant will not be considered disabled. *See* 20 C.F.R. 404.1520(c).

Mr. Prince's medical records evidence vestibular dysfunction and hearing loss. (Tr. 253-54). The results of an August 26, 2010 vestibular evaluation were "abnormal" and "positive for right labyrinthine hypofunction further supported by rightward spin on Stepping Fukuda and fall pattern of postural instability on the Gans Sensory Organization Performance Test (SOP)." *Id.* at 254. The evaluation also found "[m]oderate high frequency bilateral sensorineural hearing loss." *Id.* at 253. Mr. Prince's medical records also indicate that he was being treated for vertigo and had reported dizziness, and a near-fainting episode. *See* (Tr. 208) (noting that Mr. Prince complained of dizziness); (Tr. 221-25, 259-61, 290-92, 298-304) (all noting Antivert prescription and benign paroxysmal positional vertigo). Despite these results, the ALJ failed to evaluate whether or not Mr. Prince's vestibular dysfunction and hearing loss were severe. An ALJ's failure to designate a claimant's impairment as severe is harmless error if the claimant has made a threshold showing that other disorders constituted severe impairments, and the ALJ considered the combined effect of the severe and non-severe impairments on the claimant's ability to work. *See* 20 C.F.R. § 404.1523. Here, however, the ALJ only briefly noted that the results of Mr. Prince's vestibular evaluation were abnormal. (Tr. 25). The ALJ provided no further analysis of the impairment anywhere in the sequential evaluation. Accordingly, remand is appropriate so that the ALJ may consider whether or not Mr. Prince's vestibular and hearing impairments are severe. Regardless of whether the impairments are deemed severe, the ALJ should then consider those impairments at all subsequent steps in the sequential analysis.

Additionally, if the ALJ concludes that Mr. Prince's vestibular and hearing impairments are severe, at step three, the ALJ must determine whether the impairments, or a combination of impairments, meet or medically equal the criteria of a Listing. *See* 20 C.F.R. § 404.1520(a). Mr. Prince contends that his vestibular dysfunction satisfies Listing 2.07, which describes a

*Steven A. Prince v. Commissioner, Social Security Administration*;
Civil No. SAG-13-0814
October 28, 2013
Page 3

disturbance of "labyrinthine-vestibular function (including Ménière's disease)." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 2.07. The impairment is characterized by "a history of frequent attacks of balance disturbance, tinnitus, and progressive loss of hearing. With both…[d]isturbed function of vestibular labyrinth demonstrated by caloric or other vestibular tests; and [h]earing loss established by audiometry." *Id.* I express no opinion as to whether the Listing has been met, or could be met. The ALJ should consider whether Mr. Prince satisfies Listing 2.07 only upon finding that his vestibular and hearing impairments are severe.

Mr. Prince's final contention is that the ALJ should have considered the combined effect his obesity had on his vestibular dysfunction and hearing condition. It is unclear how those impairments could be related, and there is no evidence in the record suggesting that his obesity worsened his vestibular issues or his hearing condition. Regardless, on remand, the ALJ should determine whether it is appropriate to evaluate the effect, if any, of Mr. Prince's obesity on these conditions.

Thus, for the reasons given, the Commissioner's Motion for Summary Judgment (ECF No. 18) and Mr. Prince's Motion for Summary Judgment (ECF No. 16) will be DENIED. The ALJ's opinion will be VACATED and the case will be REMANDED for further proceedings. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge